J-S42043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TODD ASTILLERO | : | |
| | : | |
| Appellant | : | No. 1355 EDA 2018 |

Appeal from the Judgment of Sentence October 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009058-2016,
CP-51-CR-0009059-2016

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 23, 2021**

Todd Astillero ("Astillero") appeals from the judgment of sentence imposed following his convictions, at docket number CP-51-CR-0009058-2016 ("9058-2016"), of robbery, persons not to possess firearms, criminal mischief, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing instruments of crime, terroristic threats, simple assault, and recklessly endangering another person;[1] and at docket number CP-51-CR-0009059-2016 ("9059-2016"), of persons not to

---

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1), 6105(a)(1), 3304(a)(2), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), 2705.

possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[2]  We affirm.

On January 20, 2016, Astillero entered the Celebrity Vape Lounge in Philadelphia, Pennsylvania, and stole an iPad, while threatening an employee with a handgun.  In June 2016, police received a tip that Astillero could be found at a residence on North 10th Street.  Police went to the North 10th Street residence and searched the apartment, with the consent of the apartment's owner, Crystal Richmond ("Richmond").  Astillero was at the apartment when police arrived.  During the search, police discovered a handgun in one of the bedrooms.  Richmond advised police that the gun was not hers, and that she did not know to whom it belonged.  She further stated that she lived at the residence with her 16-year-old daughter and infant son, and that Astillero occasionally stayed there overnight.  Astillero was subsequently arrested and charged with the above-mentioned crimes.

On November 5, 2016, Astillero filed an Omnibus Pre-trial Motion to, *inter alia*, suppress evidence of the firearm.  On December 2, 2016, Astillero filed a Motion to Sever the two cases.  The trial court subsequently denied both Motions.

On July 5, 2017, following a non-jury trial, the trial court found Astillero guilty of the above-mentioned crimes.  The trial court deferred

---

[2] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

sentencing and ordered the preparation of a presentence investigation report. On October 12, 2017, the trial court sentenced Astillero, at 9058-2016, to an aggregate term of 10 to 20 years in prison, followed by 10 years of probation, and at 9059-2016, to an aggregate term of 5 years in prison, followed by 7 years of probation. The trial court ordered the sentence at 9059-2016 to run concurrently with the sentence at 9058-2016.

On October 19, 2017, Astillero filed a Motion for Reconsideration of Sentencing. On November 3, 2017, Astillero filed *pro se* Notices of Appeal, one at each docket number. On January 10, 2018, Astillero filed *pro se* court-ordered Pa.R.A.P. 1925(b) Concise Statements of matters complained of on appeal. On January 16, 2018, the trial court granted Astillero's counsel leave to withdraw as counsel, and subsequently appointed Astillero new counsel.

On January 18, 2018, this Court entered a Rule to show cause why Astillero's appeal should not be quashed as interlocutory, because Astillero had filed his Notice of Appeal before the trial court addressed his Motion for Reconsideration of Sentencing. On April 2, 2018, this Court entered an Order remanding the case to the trial court to address the October 19, 2017, Motion for Reconsideration of Sentencing. On April 24, 2018, the trial court

denied Astillero's Motion. On May 3, 2018, Astillero withdrew his appeal at both docket numbers.[3]

On May 8, 2018, Astillero filed new Notices of Appeal, one at each docket number. Astillero subsequently filed court-ordered Pa.R.A.P. 1925(b) Concise Statements of matters complained of on appeal. On September 9, 2019, this Court granted Astillero's counsel leave to withdraw. The trial court subsequently appointed Astillero new counsel, who filed amended Pa.R.A.P. 1925(b) Concise Statements.

On April 15, 2020, Astillero's counsel, John Belli, Esquire ("Attorney Belli), filed a purported brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).[4] However, Attorney Belli did not file a separate petition to withdraw with this Court. Thus, on December 8, 2020, this Court entered a Judgment Order directing Attorney Belli to either file an advocate's brief or

---

[3] Astillero's initial appeal was docketed with this Court at 3734 EDA 2017.

[4] Attorney Belli's brief was titled "Ander's Brief for Appellant," and Attorney Belli concluded that "[a]fter a thorough review of the record in this matter, counsel can find no non-frivolous argument that would support appellant's claims that the lower court abused its discretion in imposing sentence." **Anders** Brief at 46. Attorney Belli further stated that "[a] copy of this brief has been forwarded to appellant with instructions that if he wishes to retain private counsel or continue *pro se*, or raise any additional arguments or points he should promptly communicate with this Court." **Id.** at 46-47.

fulfill all of the requirements of **Anders**. On December 15, 2020, Attorney

Belli filed a purported advocate's brief on behalf of Astillero.[5]

Astillero now presents the following questions for our review:

A. Was the evidence [at 9059-2016] insufficient to prove [that Astillero] committed the crimes [of] possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on a public street[,] as the required element of possession was not established either in actuality or constructively because the authorities found the gun not on [Astillero's] person[,] but in a residence that was not [Astillero's,] where other persons resided who had access to the gun and the power to exercise dominion and control of the firearm and because the evidence failed to prove beyond a resonable [sic] doubt that [Astillero] had the intent to possess the gun?

B. Was the evidence [at 9059-2016] insufficient to prove [that Astillero] committed the crime of carrying a firearm on a public street because the Commonwealth failed to prove beyond a reasonable doubt that [Astillero] possessed the gun on a public street?

C. Was the evidence [at 9059-2016] insufficient to prove [that Astillero] committed the crime of carrying firearm without a license because the Commonwealth failed to prove beyond a reasonable doubt that [Astillero] carried a firearm concealed on or about his person?

---

[5] Attorney Belli's new brief is titled "Brief for Appellant." **See** Brief for Appellant at 1. However, Attorney Belli did not change his conclusion, *i.e.*, that he could not find any non-frivolous argument that would support Astillero's claims, and that he had advised Astillero that he should obtain new counsel or continue *pro se* if he wishes to raise any additional arguments. **See id.** at 46-47. Although we will consider Attorney Belli's brief as an advocate's brief on this occasion, we caution Attorney Belli to make it clear on future occasions whether his brief is an **Anders** brief or an advocate's brief.

D. Did the trial court commit reversible error by overruling trial counsel's objection to commencing the trial before ruling on [Astillero's] Motion to Sever and Motion to Suppress in violation of Pa.R.Crim.P. 580?

E. Did the trial court commit an abuse of discretion by denying [Astillero's] Motion to Sever the two cases[,] because the evidence in one case was not admissible in the other case[,] and vice versa[,] and because the evidence constituted propensity evidence?

Brief for Appellant at 3-4.

Initially, we observe that our consideration of each of Astillero's claims necessitates a review of the pre-trial Motion hearing transcripts and/or trial transcripts. However, our review of the record reveals that the transcripts are not included in the certified record on appeal.

It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is [the a]ppellant's responsibility to supply this Court with a complete record for purposes of review. A failure by [the a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

*Commonwealth v. Martz*, 926 A.2d 514, 524-25 (Pa. Super. 2007) (citations, quotation marks, and brackets omitted). Moreover, Astillero has not submitted a reproduced record containing the transcripts. *See Commonwealth v. Barnett*, 121 A.3d 534, 546 n.3 (Pa. Super. 2015) (stating that "[w]hile this Court generally may only consider facts that have been duly certified in the record, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it."

(citation omitted)).  Accordingly, because we cannot conduct a proper review of Astillero's claims, we conclude that each of Astillero's claims is waived. *Id.*

Judgment of sentence affirmed.

President Judge Panella joins the memorandum.

Judge Olson concurs in the result.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2021